493 P.2d 670 (1971)
Edward M. FONTAINE et al., Plaintiffs-Appellees,
v.
The BOARD OF COUNTY COMMISSIONERS OF ADAMS COUNTY, Colorado, et al., Defendants-Appellants.
No. 70-453.
Colorado Court of Appeals, Div. II.
December 28, 1971.
Rehearing Denied January 18, 1972.
Edward B. Towey, Morgan Smith, Denver, for plaintiffs-appellees.
Berger, Rothstein & Gehler, Robert R. Gehler, Commerce City, for defendants-appellants.
Not Selected for Official Publication.
ENOCH, Judge.
This appeal arises from the refusal of the Board of Commissioners of Adams *671 County (Board) to grant plaintiffs' application for rezoning of certain land from an A-2 Agricultural Zone District to an M.H. Mobile Home Zone District. Plaintiffs allege in their first claim for relief pursuant to C.R.C.P. 106(a) (4) that the Board exceeded its jurisdiction and abused its discretion in denying plaintiffs' application. In the second claim for relief, plaintiffs alleged that the existing A-2 zoning deprived them of the use of their property without due process as required by the Colorado and United States Constitutions. Trial was to the court and judgment was entered for plaintiffs on their first claim for relief and the Board was ordered to grant the zoning applied for. Because of this determination, no disposition was made of plaintiffs' second claim for relief, which was held in abeyance by the trial court pending determination of this appeal. The issue presented on appeal is therefore limited to the question of whether the Board exceeded its jurisdiction or abused its discretion in denying plaintiffs' application for rezoning.
The factual background of this case is as follows: Plaintiffs own certain property located at the northeast corner of 64th and Tower Road in Adams County. This property and the surrounding area is lightly populated and largely undeveloped. The existing zone is Agricultural-2. A prior application in August 1968, by plaintiffs for rezoning of their property to a Mobile Home District was disapproved by the Planning Commission because of uncertain water supply. On January 10, 1969, plaintiffs reapplied for a zoning change and the Planning Commission this time recommended granting the application subject to certain conditions. The Board, however, denied the application, citing several reasons, including the following:
"That the Mobile Home zoning requested is contrary to the Adams County Master Plan."
The Board has been invested by C.R.S. 1963, 106-2-10 and 106-2-15 with authority to adopt and amend zoning regulations.
Although we find no evidence to support several of the other reasons stated by the Board for denying the zone change, the Board had adopted a master plan pursuant to its authority granted by the legislature which designated the area in question as an A-2 Agricultural Zone, and the requested zone change is contrary to that plan. The adoption of a master plan and the adherence to such a plan is not in and of itself an abuse of discretion. See Colby v. Board of Adjustment, 81 Colo. 344, 255 P. 443.
Whether the designation of the particular zone for the area in question and the refusal of the Board to make the requested zone change deprived plaintiffs of their right to the use of their property without due process is the constitutional question which was not determined by the trial court and is not an issue in this appeal.
Judgment is reversed and the case is remanded to the trial court for a determination of the constitutional issue stated in plaintiffs' second claim for relief.
DWYER and DUFFORD, JJ., concur.